# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Gene Sherman, Jr., <br> Petitioner, <br> v. <br> Barbara Roderick, et al., <br> Respondents. | No. CV 16-01794-PHX-JAT (DMF) <br><br> **REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

Petitioner challenges the denial of his petition to terminate lifetime sex offender probation by the Maricopa County Superior Court, and argues the Arizona statute on which the denial rested violates the Due Process Clause of the United States Constitution. (Doc. 1 at 6) Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") on June 7, 2016. (Doc. 1) District Judge Teilborg ordered Respondents to answer the Petition. (Doc. 3) Respondents filed their answer on November 3, 2016 (Doc. 16) and Petitioner replied on February 3, 2017 (Doc. 20). For the reasons set forth below, the Magistrate Judge recommends that this Court deny and dismiss the Petition as untimely filed pursuant to 28 U.S.C. § 2244(d). Further, it is recommended that a certificate of appealability be denied.

## I.     BACKGROUND

Petitioner was indicted in August 2010 on six counts arising from his conduct with two separate minors in 2009 and 2010. (Doc. 16-1 at 5-6) The counts alleged: (1) child

prostitution; (2) attempted child prostitution; (3) kidnapping; (4) attempted sexual assault; (5) attempted sexual abuse; and (6) indecent exposure. (*Id.*) On January 12, 2011, the Maricopa County Superior Court sentenced Petitioner according to the terms of his plea agreement, which was entered on December 10, 2010. (Doc. 16-1 at 14-15, 33-38) Petitioner pled guilty to: (1) a count of non-dangerous, non-repetitive Class 6 felony Child Abuse; and (2) a count of non-dangerous, non-repetitive Attempted Sexual Conduct with a Minor, a Class 3 Felony and Dangerous Crime Against Children in the Second Degree. (*Id.* at 34) He was sentenced to one year of imprisonment, less 90 days served, as well as lifetime sex offender probation on both counts, to run concurrently. (*Id.* at 36)

Less than three months after sentencing, Petitioner timely filed a notice of Post-Conviction Relief ("PCR") with the trial court, alleging that he was not properly charged, that the State discriminated against him because of his sexual orientation, and that he had signed the plea agreement because he was scared. (*Id.* at 40-53) After his appointed counsel was unable to identify any colorable claims for relief (*Id.* at 59-61), Petitioner failed to file a *pro per* petition, and his PCR proceeding was dismissed on August 7, 2012. (*Id.* at 66)

Through counsel, Petitioner next filed in the trial court a petition to terminate his lifetime sex offender probation. (Doc. 16-2 at 2-9) In its minute entry ruling on the January 14, 2014 petition, the superior court explained:

> The Court has received Defendant's "Petition to Terminate Sex Offender Probation," and an e-mail from Brett Whitney of the Adult Probation Department regarding the request. For the reasons set forth in the e-mail to the Court, the Petition is denied at this time without prejudice. The Adult Probation Department is directed to contact the Defendant to set forth the progress Defendant must make before the Adult Probation Department would recommend a hearing on Defendant's request for termination.

(*Id.* at 56) On June 4, 2014, Petitioner filed a supplemental petition to terminate probation. (*Id.* at 58-71) Petitioner subsequently filed a request to set a hearing on his supplemental petition, noting that no response had been filed and declaring that "[i]mportant Constitutional issues are raised by the Petition and Defendant-Petitioner is

entitled to an opportunity to be heard on the legal issues raised by this pleading." (Doc. 16-3 at 2) In July 2014, the superior court ruled on Petitioner's supplemental petition and his request for a hearing, as follows:

> The Court has received and reviewed Defendant's "Supplemental Petition to Terminate Sex Offender Probation" and subsequent "Request to Set Hearing" on the Petition. Both requests are denied. Defendant is only three and one-half years into a lifetime probation grant. He needs to progress through the established protocol for sex offenders before the Court will consider termination.

(*Id.* at 5)

Petitioner then filed another request for a hearing on the supplemental petition on October 20, 2014. (*Id.* at 7-9) The request explained that:

> [t]he Petitioner has been advised that the Supplemental Petition filed June 6, 2014 was not ruled on because this type of a Petition should not be considered until three years of Probation has been served by the Petitioner. This date is more than three years from the time [the court sentenced] Petitioner to life-time probation. As stated in the Petition[ ], there is now no constitutional basis for continuing the probation as to this Defendant/Petitioner. Petitioner ask[s] for Oral Argument [ ].

(*Id.* at 7-8) The superior court summarily denied this request in a ruling dated November 17, 2014, followed by a notice that the order had been signed and subsequently filed on December 11, 2014. (*Id.* at 11, 13)

Petitioner appealed the superior court's denial of his request for a hearing to the Arizona Court of Appeals on December 19, 2014. (*Id.* at 15-17) In his opening brief, Petitioner framed the issue presented as whether "A.R.S. § 13-901(E) violates the Due Process Clause[s] of the U.S. and Arizona Constitutions." (*Id.* at 24) Subsection 13-901(E) addresses probation, and provides that:

> The court, on its own initiative or on application of the probationer, after notice and an opportunity to be heard for the prosecuting attorney and, on request, the victim, may terminate the period of probation or intensive probation and discharge the defendant at a time earlier than that originally imposed if in the court's opinion the ends of justice will be served and if the conduct of the defendant on probation warrants it.

A.R.S. § 13-901(E). Petitioner argued that a due process violation was inherent to this statute because the statute does not expressly require that a petitioner be permitted a hearing. (Doc. 16-3 at 24-28) On July 17, 2015, the court of appeals dismissed Petitioner's appeal, concluding that the superior court's denial of a hearing was not an appealable action, citing A.R.S. § 13-4033. (*Id.* at 109-110) Petitioner filed a petition for review with the Arizona Supreme Court (*Id.* at 112-122), which that court summarily denied on December 3, 2015 (*Id.* at 131). No Rule 32 proceedings were filed pertaining to the superior court's denial of the early termination request.

The instant Petition was filed with this Court on June 7, 2016, almost one and a half years after the superior court's last denial of the request for early termination of Petitioner's lifetime sex offender probation. (Doc. 1)

## II. LEGAL STANDARDS
### A. Exhaustion and Procedural Bar

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions set forth in subsections (d) through (h) of the rule. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

In addition to being presented in the proper forum, a petitioner's claims must be "fairly presented." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner

must provide the state court "with an opportunity to apply controlling legal principles to the facts bearing upon his [federal] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 277 (1971) (citation and internal quotation marks omitted). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin*, 541 U.S. at 32-33; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

A habeas claim may also be precluded from federal review when it is subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court has denied or dismissed a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman,* 501 U.S. at 732, 735 n. 1, 111 S.Ct. 2546; *see also Gray v. Netherland,* 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

This Court may review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982). The miscarriage of justice exception to procedural default "is limited to

those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). To prove a "fundamental miscarriage of justice," a prisoner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### B. 28 U.S.C. § 2254 Habeas Petition – Merits Standard of Review

On habeas review, this Court can only grant relief if Petitioner demonstrates prejudice because the adjudication of a claim on the merits by a state court either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state court rulings which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

### C. The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). It is appropriate to address the time-bar issue before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).

## III. ANALYSIS OF TIMELINESS OF PETITION

Respondents assert that the Petition is untimely because AEDPA's one-year statute of limitations ran from December 12, 2014, the day after the state trial court last denied Petitioner's request for early termination, and because the Petition was not filed until June 6, 2016. (Doc. 16 at 11) Petitioner appears to concede that the Petition was facially untimely, but argues the statute of limitations should be tolled while he appealed the trial court's denial to the Arizona appellate courts. (Doc. 1 at 11)

### A. Petitioner's appeal does not qualify for statutory tolling

The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). An application for State post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

The defect inherent to Petitioner's tolling argument is that the time he asserts should be tolled was associated with his filing of a *direct* appeal to the Arizona Court of Appeals, a court that lacked jurisdiction to consider this issue on direct appeal. As is discussed below, Petitioner's appeal was not "properly filed" for tolling purposes.

Further, Petitioner did not file a Rule 32 petition relating to the denial of his request for early termination, so there can be no statutory tolling from a properly filed Rule 32 proceeding.

Respondents assert that Arizona courts provide no process for obtaining review of the trial court's denial of Petitioner's request for termination of lifetime probation, and that he therefore should have filed his federal habeas petition within one year of the trial court's denial. (Doc. 16 at 13) Respondents cite only an unpublished district court opinion interpreting Michigan law for this lack of process in the Arizona courts. (Doc. 16 at 13, "*Henney v. Berguis*, 2006 WL 1008864 at *2 (W.D. Mich. April 15, 2006)") The Court is not convinced that in Arizona there is no process for obtaining review of the trial court's denial of Petitioner's request for termination of lifetime probation. Perhaps Arizona law does provide a process for obtaining review of a denial of a request for early termination of probation under Rule 32, Arizona Rules of Criminal Procedure.

Importantly, regardless whether or not a Rule 32 petition provides a state court review process for the trial court's denial of Petitioner's request for termination of lifetime probation, the Petition in this matter was not timely. In addition, if Rule 32 provides a review process, the Petitioner's claim in this matter is unexhausted and procedurally defaulted without excuse because Petitioner did not file a Rule 32 petition regarding the denial of the early termination of probation.

In its order dismissing Petitioner's direct appeal of the trial court's denial of his petition to terminate lifetime sex offender probation, the Arizona Court of Appeals cited with approval that court's decision in *State v. Jimenez*, 188 Ariz. 342, 935 P.2d 920 (Ct. App. 1996). (Doc. 16-3 at 110) In *Jimenez*, the appellant appealed the denial by the trial court of his motion to modify the terms of his probation directly to the Arizona Court of Appeals. 188 Ariz. at 343, 935 P.2d at 921. The court instructed:

> [b]ecause defendant pled guilty, he must seek review of his change of plea and sentencing proceedings by way of Rule 32, Ariz. R. Crim. P. He cannot bestow on himself the right of direct appeal by simply filing a "motion to modify" conditions of probation which were imposed at the time of sentencing.

*Id.* (citing A.R.S. §13-4033(B)). The court of appeals emphasized that pleading defendants in Arizona are guaranteed appellate review *in all cases* "through operation of the rules governing post-conviction relief" and concluded that "[w]hether defendant could have been afforded relief by way of a petition for post-conviction relief, he has no right of appeal here." *Id.* at 344-45, 935 P.2d at 922-23 (emphasis supplied).

In *Jimenez*, the court of appeals based its decision on Arizona Revised Statutes ("A.R.S.") section 13-4033(B). *Id.* Arizona Revised Statutes section 13-4033 provides that:

> (A) An appeal may be taken by the defendant only from: (1) [a] final judgment of conviction or verdict of guilty except insane[;] (2) [a]n order denying a motion for a new trial[;] (3) [a]n order made after judgment affecting the substantial rights of the party[;] [or] (4) [a] sentence on the grounds that it is illegal or excessive.
>
> (B) In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

A.R.S. § 13-4033(A)-(B).

In *Hoffman v. Chandler*, the Arizona Supreme Court clarified that subsection 13-4033(B) requires that "when subsection (B) applies, subsection (A) cannot be invoked to authorize a direct appeal." *Hoffman v. Chandler*, 231 Ariz. 362, 365, 295 P.3d 939, 942 (Ariz. 2013). *Hoffman* addressed an appeal of a restitution order which arose from the terms of a petitioner's plea agreement. *Id.* at 363, 295 P.3d at 940. The court held that a "restitution order contemplated by a plea agreement but entered after entry of judgment is part of a 'sentence' for purposes of subsection [ ] 13-4033(B)." *Id.* at 364, 295 P.3d at 941. The court further reasoned that allowing a pleading defendant to seek direct appeal of a post-judgment restitution order, but requiring review of other issues through Rule 32 proceedings, would result in an unacceptable "hybrid system of appellate review." *Id.* The court noted that after 1992, Arizona appellate courts had "routinely dismissed appeals of post-judgment orders that challenged plea agreement terms." *Id.* at 364-65, 295 P.3d at 941-42.

The *Hoffman* court specifically cited *Jimenez,* and noted the opinion held that "§ 13-4033(B) prohibited pleading defendant from directly appealing denial of motion to modify conditions of probation imposed at sentencing." *Id.* at 365, 295 P.3d at 942. In answer to the petitioner's concern that "grounds for relief under [Arizona Rules of Criminal Procedure] Rule 32.1 might not encompass" the petitioner's claim, the court declared that the petitioner could "challenge the restitution order through Rule 32 proceedings because he has a constitutional right to appellate review." *Id.* at 365-66, 295 P.3d at 942-43 (citing Ariz. Const. art. 2, § 24; *State v. Smith*, 184 Ariz. 456, 458, 910 P.2d 1, 3 (Ariz. 1996) (instructing that "[i]t is through operation of the rules governing post-conviction relief that our constitutional guarantee of appellate review in all cases is effectuated for pleading defendants.")). The court then concluded it "trust[ed] that courts will broadly interpret Rule 32 to preserve the rights of pleading defendants to appellate review." *Id.* at 366, 295 P.3d at 943.

To this Court's knowledge, no Arizona appellate court has addressed the question of whether a challenge to a denial of a request for early termination of probation falls within the scope of a petition pursuant to Rule 32, Arizona Rules of Criminal Procedure. If it does not, then Petitioner had no state law avenue of review and the Petition was untimely. If Rule 32 does provide an avenue of review, then Petitioner's habeas claim is not only untimely, but also is unexhausted and procedurally defaulted without excuse.

**B.     Petitioner's appeal was not properly filed under *Artuz v. Bennett***

Petitioner contends that his appeal was "properly filed" pursuant to the U.S. Supreme Court case *Artuz v. Bennett*, 531 U.S. 4 (2000), and that Respondents' arguments address a procedural bar to consideration of Petitioner's claim rather than whether his appeal was "properly filed." Petitioner's argument fails because he filed a direct appeal, an appeal precluded by A.R.S. § 13-4033(B). As noted, AEDPA's one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's direct appeal was not "properly filed." As the U.S. Supreme Court instructed:

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. at 8 (emphasis in original).

Under Arizona Rule of Criminal Procedure 32.4(a), "[a proceeding for post-conviction relief] is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred." The rule anticipates that the court of conviction will be a county superior court. *Id.* (instructing that "[i]f the conviction occurred in a court other than the Superior Court, the copy shall be sent to the office of the prosecuting attorney who represented the state at trial.") Here, Petitioner was convicted in Maricopa County Superior Court. (Doc. 16-1 at 14-15) In *Artuz*, the U.S. Supreme Court explained that an application for state post-conviction review that is "erroneously accepted by the clerk of a court lacking jurisdiction . . . will be *pending,* but not *properly filed*." *Artuz v. Bennett*, 531 U.S. at 9. When Petitioner appealed the superior court's denial of his petition to terminate probation and of his request for a hearing to the Arizona Court of Appeals, he applied to a court lacking jurisdiction, as the court of appeals itself found when it dismissed the appeal. (Doc. 16-3 at 109-110) *See also State v. Rodriguez-Gonzales*, 208 Ariz. 198, 200, 92 P.2d 424, 426 (Ct. App. 2004) (holding it lacked jurisdiction over a direct appeal regarding a challenge to sentences imposed during new sentencing hearings). Simply, the appeal was not "properly filed" and did not statutorily toll AEDPA's limitations period.

**C.  Petitioner's appeal does not qualify for equitable tolling**

The U.S. Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __U.S. __, 130 S.Ct. 2549, 2560 (2010). The Ninth Circuit Court of Appeals "will permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' " *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.

1998) (en banc), *cert. denied*, 526 U.S. 1060 (1999) (citations omitted)). Put another way, Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner explains that while he argues that statutory tolling renders his Petition timely, he does not argue that equitable tolling applies to his case (Doc. 20 at lines 14-23). As discussed above, the Magistrate Judge recommends a finding that statutory tolling does not apply to the Petition. Moreover, the record does not support a finding that Petitioner would qualify for equitable tolling if he were to make that argument.

**D.    The Petition was untimely**

As noted, *supra*, Respondents contend that Petitioner lacked a "process for obtaining review of [his] federal due process claim in Arizona state court" and that he was therefore exempt from the exhaustion requirement. (Doc. 16 at 11, 13) If Respondents are correct, then Petitioner's one-year statute of limitations period commenced to run the day after the superior court denied his request: December 12, 2014. The Petition was filed on June 7, 2016, more than six months after the limitations period would have ended in December 2015.

If Petitioner was able to obtain state court review of the denial of his probation termination request via a Rule 32 petition, his federal habeas petition would have needed to have been filed no greater than 90 days after December 12, 2014 (the date of denial by the Superior Court), which would have been a last filing date of March 11, 2015. *See* Ariz. R. Crim. P. 32.4(a). Petitioner did not file a Rule 32 petition at all, and his federal habeas filing in this matter was almost fifteen months after the Rule 32 deadline.

Whether or not Rule 32 provides an avenue for state court review of a denial of early termination of probation, the Petition was untimely.

If a district court finds that a federal habeas petition is untimely, the untimeliness may be excused in rare instances by an equitable exception to AEDPA's statute of limitations. In *McQuiggin v. Perkins,* __ U.S. __, 133 S.Ct. 1924, 1931–34 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that

- 12 -

applies to procedural bars in *Schlup v. Delo,* 513 U.S. 298, 327 (1995), and *House v. Bell,* 547 U.S. 518 (2006), extends to petitions that are time-barred under AEDPA. Petitioner does not assert, let alone meet, this excuse for untimeliness of the Petition.

Because the Petition is untimely, and also unexhausted as well as procedurally defaulted if there is avenue for Rule 32 review in the Arizona state courts, the Court will not address the merits.

## IV. CONCLUSION

Petitioner filed the pending Petition after expiration of the AEDPA statute of limitations, and statutory and equitable tolling do not render the petition timely. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1). The Magistrate Judge recommends that the petition be denied and dismissed.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within

which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of May, 2017.

Honorable Deborah M. Fine
United States Magistrate Judge